Filed 7/18/25  P. v. Fearence CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>JAQUES OMAR FEARENCE,<br><br>     Defendant and Appellant. | B339828<br><br>(Los Angeles County<br>Super. Ct. No. NA060375) |

APPEAL from an order of the Superior Court of Los Angeles County, Debra A. Cole, Judge.  Affirmed.

California Appellate Project and Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In July 2004, a jury convicted defendant Jaques Omar Fearence of the first degree murder of Kiejuan Clay (count 1; Pen. Code, § 187, subd. (a))[1] and possession of cocaine for sale (count 2; Health & Saf. Code, § 11351.5).  The trial court instructed the jury that in order to find the defendant guilty of first degree murder, it must find that "the killing was preceded and accompanied by a clear, deliberate intent on the part of the defendant to kill . . . ."  The court did not instruct the jury on felony murder, the natural and probable consequences doctrine, or aiding and abetting generally.  The jury found true the allegations that defendant personally and intentionally discharged a firearm inflicting great bodily injury or death (§ 12022.53, subd. (d)), defendant personally and intentionally discharged a firearm (*id.*, subd. (c)), and defendant personally used a firearm (*id.*, subd. (b)).  In returning its verdict, the jury specifically found that defendant, "while engaged in the commission of the crime, personally and intentionally discharged a firearm, a handgun, which proximately caused great bodily injury or death to KIEJUAN CLAY."  The trial court sentenced defendant to a term of 51 years 4 months to life.  We affirmed the conviction.  (*People v. Fearance* [*sic*] (Oct. 26, 2005, B178108) [nonpub. opn.].)

On April 19, 2023, the trial court ruled on defendant's petition for writ of habeas corpus by resentencing defendant to a new sentence of 50 years to life for count 1, and 2 years for count 2, which the court stayed pursuant to section 654.

---

[1]     Further statutory references are to the Penal Code unless otherwise indicated.

On or about April 8, 2024, defendant filed a petition for resentencing pursuant to section 1172.6. On July 12, 2024, the trial court denied the petition in a minute order, finding that defendant had filed the same petition "on at least three previous occasions and [had been] denied each time." The court further indicated that "[defendant] has been advised numerous times in the denials to his previous petitions on this exact same issue that he is not entitled to resentencing under [s]ection 1172.6. The statute is not applicable to this defendant and cannot provide him any relief." Defendant now appeals from that order.

On April 29, 2025, defendant's appointed appellate counsel filed an opening brief in which he did not identify any arguable issues and requested that we follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.

On April 29, 2025, we notified defendant that appointed appellate counsel had filed a brief that raised no issues and defendant had 30 days within which to submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments that he wished this court to consider.

On May 9, 2025, defendant filed a supplemental brief. Defendant contends that the trial court erred by denying his petition without appointing counsel or issuing an order to show cause. We reject this argument. The doctrine of issue preclusion bars relitigation of the section 1172.6 petition here. (See *People v. Curiel* (2023) 15 Cal.5th 433, 451–452.) Further, because the jury was not instructed on felony murder or the natural and probable consequences doctrine, defendant could not meet his prima facie burden to demonstrate that he was eligible for relief under section 1172.6. (*People v. Delgadillo*, *supra*, 14 Cal.5th at p. 233; *People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

**DISPOSITION**

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

BAKER, Acting P. J.

MOOR, J.

4